# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MAURICE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV410-259 |
| | ) |
| WARDEN WILLIAMS | ) |
| DONFORTH, Valdosta State | ) |
| Prison; CALVIN ORR; | ) |
| MR. PHILBIN; | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Maurice Johnson has completed his *in forma pauperis* (IFP) filings in this 42 U.S.C. § 1983 case, doc. 4, so the Court will now screen his complaint under 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

## A. Johnson's Claim

Johnson alleges that after a prison staff member prison sexually assaulted him, prison management extremely distressed him by placing him in the prison's general population, thus re-exposing him to the threat of re-assault by that staff member. Doc. 1 at 5-7. He alleges no physical injuries. *Id.* Under 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Stress-caused maladies are not enough. *Davis v. Dist. of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (§ 1997e(e) barred claims for emotional injury despite physical manifestations of weight loss, appetite loss, and insomnia), cited in *Michel v. Levinson*, 2011 WL 2689017 at * 3 (3rd Cir. Jul. 12, 2011) (emotional injury claim, stemming from alleged exposure to Tuberculosis, was § 1997e(e)-barred).

Hence, Johnson's "$20 million dollars" damages claim, doc. 1 at 7, fails. *Mobley v. Gresco*, 2011 WL 3163159 at * 3 (N.D. Fla. Jul. 1, 2011) (dismissing fear of sexual re-assault case on § 1997(e) grounds). The

same must be said, to the extent it is pled here, for any punitive damages claim. *Al–Amin v. Smith*, 637 F.3d 1192, 1199 (11th Cir. 2011).

Johnson also seeks injunctive relief. Doc. 1 at 7 ("I want to be transferred to a[n] institution[] where I'll feel protected and safe. . . ."). There may be legal legs to this claim. *See Al-Amin*, 637 F.3d at 1196 (noting prior precedent holding that § 1997e(e) "does not impair a prisoner's right to seek declaratory and injunctive relief for constitutional violations, since such equitable relief addresses future injuries that a prisoner has not yet suffered.") (quotes and cite omitted); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief); *Gonzales v. San Bernardino County Sheriff's Dep't*, 2011 WL 3204463 at * 2 (C.D. Cal. Jul. 26, 2011) ("a prisoner need not wait to be injured before seeking injunctive relief. . . ."); *Pauline v. State of Hawaii Dep't of Pub. Safety*, ___ F. Supp. 2d ___, 2011 WL 776126 at * 8 (D. Hawai'i Feb. 25, 2011).

The Court will thus "green-light" only plaintiff's injunctive-relief claim, but pares the defendants down to the warden -- the only defendant

apparently in a position to transfer the plaintiff should he prevail on it.[1]
The Clerk is thus **DIRECTED** to forward Johnson's complaint, along with a copy of this Order, to the United States Marshal for service upon the defendant warden Williams Danforth. The remaining defendants should be **DISMISSED**.

---

[1] Even at that, claim must be properly supported:

> Injunctive relief is only available if a plaintiff has demonstrated a "likelihood of substantial and immediate irreparable injury," including a "real or immediate threat that [he] will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983), *quoting O'Shea v. Littleton*, 414 U.S. 488, 502 (1974). The Prison Litigation Reform Act ("PLRA") establishes a comprehensive set of standards to govern prospective relief in cases involving prison conditions. It provides that prospective relief "shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 USC § 3626(a)(1). Thus, a district court faced with a suit about prison conditions may not grant or approve prospective relief "unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.*

*Tyson v. Oregon Dept. of Corrections*, 2011 WL 11026292011 WL 1102629 at * 12 (D. Or. Mar. 1, 2011); *see also Shirley v. Moore*, 2009 WL 1736871 at * 2 (M.D. Ala. Jun. 16, 2009) (inmate failed to demonstrate a substantial threat which would cause an irreparable injury if the court did not grant him a preliminary injunction in his § 1983 action to transfer him out of his current correctional facility. Inmate claimed he was sexually harassed and assaulted by a female correctional official and he sought a transfer to a facility of his choosing. However, inmate failed to provide any evidence that a transfer was needed to protect him from threats); *Dobbins v. Giles*, 2008 WL 4649046 at * 2 (M.D. Ala. Oct. 20, 2008) ("an inmate has no constitutional right to incarceration in a correctional facility of his choice.").

## B. Plaintiff's PLRA-Payment Obligation

Meanwhile, it is time for Johnson to pay the piper. Based on his furnished information, doc. 4 at 1 ($6.78 average monthly balance for the last six months), the Court has determined that he has had funds in his prison account during the past six months and therefore owes an initial partial filing fee of $1.36. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment "when funds exist," a specific 20 percent formula) (emphasis added). Plaintiff's custodian (or designee) therefore shall remit to the Clerk of Court (payable to the "Clerk of Court") $1.36 from Johnson's account and remit it when enough additional payments are added to reach $10.00, then remit same. The custodian shall also set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount exceeds $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

**SO REPORTED AND RECOMMENDED** this __8th__ day of August, 2011.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA